**\*NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
USMAN M. BAIG                       :
:
Plaintiff,      :
:     Civil Action No. 10-0842
vs.                     :
:            **OPINION**
NUCLEAR REGULATOR COMMISSION        :
:
Defendant.      :
_____ :

**WOLFSON, United States District Judge:**

Defendant Nuclear Regulatory Commission ("Defendant") moves to dismiss the Complaint filed by pro se Plaintiff Usman M. Baig ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Complaint alleges that, during the course of Plaintiff's employment with Defendant, Defendant unlawfully discriminated against Plaintiff based on his race and age. The Complaint also asserts violations of federal whistleblower laws and breach of contract by Defendant. For the reasons that follow, the Court grants Defendant's motion; Counts I and II of the Complaint are dismissed without prejudice; all other counts are hereby dismissed with prejudice. The Court provides Plaintiff fifteen days from the date of the Order accompanying this Opinion to amend the Complaint with respect to Counts I and II of the Complaint.[1]

---

[1] Plaintiff also filed a motion for summary judgment on May 31, 2011. Because the Court grants Defendant's motion to dismiss, Plaintiff's summary judgment motion is dismissed as moot.

1

I.      **Background**

For the purpose of this Opinion, the facts alleged in the Complaint are assumed to be true. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). Plaintiff filed the Complaint on February 19, 2010. Plaintiff alleges that he received an adverse "Equal Employment Decision" on November 24, 2009, denying a prior complaint he made, and said letter also informed him of his right to file a civil action within 90 days. Without dispute from Defendant, this appears to be a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"); however, a copy of the letter was not provided to the Court. For the purposes of this motion, the Court assumes that Plaintiff received a right-to-sue letter from the EEOC.[2]

At the outset, the Court notes that the pro se Complaint mainly consists of legal conclusions and is devoid of any factual allegations. First, the Complaint improperly asserts a cause of action pursuant to a federal regulation - 29 C.F.R. § 1614. The rest of the Complaint consists of eight causes of action. Count I alleges that Plaintiff, a native of the country of India, was wrongfully discriminated against because of his ethnic background and nationality; no further factual allegations were provided. Similarly deficient, Count II alleges that Plaintiff was discriminated against because of his age, and no further factual allegations were provided other than that Plaintiff is more than sixty years old and has "long experience and has an age of experience in the field." Compl., Count II, ¶ 2. Count III alleges that Plaintiff, despite being highly qualified for promotion, was nevertheless discriminated against and did not receive a promotion. Count IV alleges that Plaintiff, despite being

---

[2]     The record outside of the pleadings submitted by both parties indicates that Plaintiff did indeed make an EEOC filing. See Declaration of Suto-Goldsby. However, beyond Plaintiff's assertions, neither party has provided the Court with a copy of the right-to-sue letter. The Court also notes that the record concerning the EEOC filing suggests that only claims related to discrimination were filed with the EEOC.

fully qualified, was discriminated against and not given favorable assignments. Count V alleges that Plaintiff, despite being fully qualified, was wrongfully discriminated against and was not paid fairly as compared to his peers. Count VI alleges that Plaintiff, despite being extraordinarily qualified and having "permanent tenure," Compl., Count VI, ¶ 4, nevertheless Defendant terminated his employment. Again, in none of these counts does Plaintiff make any further supporting factual allegations.

In Count VII, Plaintiff alleges that Defendant wrongfully terminated him in violation of "law for whistle blower's safeguard from adverse action," Compl, Count VII, ¶ 6, after he provided "input for the improper management in the Division and blew the whistle for the wrong practices conducted in the section" to the Office of Personnel Management ("OPM") in surveys conducted in 2007 and 2008. Count VIII alleges that Plaintiff was promised a quick promotion during his hiring process, and that Defendant breached that oral contract when Plaintiff did not receive such a promotion. As is consistent with the rest of the Complaint, Plaintiff provided no further details concerning these allegations. The Complaint made a general demand for $454,000 in damages.

On May 17, 2010, Plaintiff petitioned for default judgment when Defendant failed to respond to the Complaint. Defendant responded to the petition arguing that default judgment should be denied because Plaintiff improperly served the summons and complaint. On Aug. 18, 2010, the Court denied default judgment and ordered Plaintiff to effectuate proper service on Defendant. Plaintiff provided the Court with proof of service on September 20, 2010. Now, Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6), or in the alternative, for summary judgment.

**II.     Motion to Dismiss Standard of Review**

The Federal Rules of Civil Procedure provide that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).  The purpose of a complaint is "to inform the opposing party and the court of the nature of the claims and defenses being asserted by the pleader and, in the case of an affirmative pleading, the relief being demanded." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1182 (3d ed. 2004).

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Court must take all allegations in the complaint as true, viewed in the light most favorable to the plaintiff "and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court "retired" the language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46).  Rather, the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.  The Third Circuit summarized the pleading requirement post-Twombly:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary

4

element.'

Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In affirming that the Twombly standard applies to all motions to dismiss, the Supreme Court recently further clarified the 12(b)(6) standard. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950. Accordingly, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. In short, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

The Third Circuit recently reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." Id. That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." Id. (quoting Iqbal, 129 S.Ct. at 1953).

**III.   Discussion**

    **A. Employment Discrimination**

While the Complaint was inartfully pled, the Court construes the Complaint as asserting both racial discrimination under Title VII of the Civil Rights Act ("Title VII") and age discrimination

under the Age Discrimination in Employment Act ("ADEA").[3]  Similarly, the Court construes the Complaint as alleging that because Defendant discriminated against Plaintiff, he was passed over for promotions, was not given better work assignments, did not receive pay raises to which he was entitled, and was ultimately terminated by Defendant.[4]

Under Title VII,

> [i]t shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.  ADEA contains similar prohibits against discrimination on account of age. 29 U.S.C. § 623(a).  In order to establish a prima facie case of Title VII discrimination, Plaintiff must show that "(1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3)

---

[3]  Plaintiff's alleged cause of action, pursuant to 29 C.F.R. § 1614, is not proper. Smith v. Dearborn Financial Servs, Inc., 982 F.2d 976, 979 (6th Cir. 1993) ("[F]ederal regulations cannot themselves create a cause of action; that is a function of the legislature"); see Kalick v. Nw. Airlines Corp., 372 Fed. Appx. 317, 320 (3d Cir. 2010) ("Kalick cannot simply cite to a federal regulation that does not give rise to a private cause of action in order to satisfy federal subject matter jurisdiction").

[4]  Defendant seeks to dismiss each count of the Complaint separately for failure to meet the minimum pleading requirements of Rule 8(a).  Specifically, Defendant argues that there are no discernable causes of action applicable to Counts III, IV and V, and that Count VI, which Defendant construes as a wrongful termination claim, is preempted by the Civil Service Reform Act ("CSRA").  However, the Court will construe the Complaint liberally, and as such, finds that Counts III, IV, V and VI relate to Plaintiff's race and age discrimination claims.  In that regard, the Court will construe these counts as factual allegations in support of Plaintiff's discrimination claims.  To the extent that Count VI can be construed as a state-law wrongful termination claim, the Court finds that it is preempted by the CSRA.  Sarullo v. U.S. Postal Service, 352 F.3d 789, 797 (3d Cir. 2003) (state-law claims in the federal employment context are preempted by CSRA).

he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position." Sarullo, 352 F.3d at 797; McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). "The central focus of the prima facie case is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin." Sarullo, 352 F.3d at 798 (internal quotations omitted). Although Plaintiff need not provide the precise kind of disparate treatment to establish a claim of discrimination, he must "establish some causal nexus between [his] membership in a protected class and the [alleged discriminatory action]." Id. The requirements to establish a prima facie case of ADEA discrimination are identical. See Sarullo, 352 F.3d at 797-98.

Here, Plaintiff fails to allege a prima facie case of discrimination. While there is no dispute that he is a member of a protected class based upon both age and race, Plaintiff alleges no facts in the Complaint that would raise an inference of discriminatory animus. The only factual allegations provided by Plaintiff are that he was not promoted, did not receive favorable assignments, did not receive raises, and ultimately his employment was terminated. Plaintiff's allegations of discrimination consist solely of conclusory assertions that these adverse employment actions were the result of discrimination based on his race and age. Indeed, Plaintiff has alleged no acts of disparate treatment of any kind by Defendant. Moreover, Plaintiff has failed to allege any casual nexus between Plaintiff's membership in a protected class and the alleged discriminatory actions. Simply because an individual belongs in a protected class and was terminated does not raise an inference that the termination was due to discrimination. See Guirguis v. Movers Specialty Servs, Inc., 346 Fed App'x 774, 776 (3d Cir. 2009) (Allegations that plaintiff is a native of Arab descent

and discharged of his employment, thus the termination occurred in violation of his civil rights "is precisely the type of factually unsupported legal conclusion that is inadequate to surmount a Rule 12(b)(6) challenge"). This type of pleading does not meet the Twombly standard. As such, Plaintiff fails to state a claim with regard to his Title VII and ADEA discrimination claims.

### B. Federal Whistleblower Protection

In Count VII of the Complaint, Plaintiff alleges that Defendant terminated his employment after his disclosure of improper management in a survey to the OPM, in violation of the "law for whistle blower's safeguard from adverse action." Compl., Count VII, ¶ 7. Plaintiff, however, does not specify the exact cause of action or statutory provision under which he brings his claim. This alone fails to meet the minimum pleading requirements of Rule 8(a). However, mindful of Plaintiff's status as a pro se litigant, the Court nonetheless will attempt to address his claim under the applicable statute under the alleged circumstances: the Whistleblower Protection Act ("WPA").

"The WPA protects federal employees against agency reprisal for whistleblowing activities, such as disclosing illegal conduct, gross mismanagement, gross waste of funds, or acts presenting substantial dangers to health and safety." Fleeger v. Principi, 221 Fed. App'x 111, 115 (3d Cir. 2007); see 5 U.S.C. §2302(b)(8). WPA, like the discrimination statutes, requires the exhaustion of administrative remedies. If the claimant only alleges a WPA claim, he must first seek relief from the Office of the Special Counsel. 5 U.S.C. § 1214(a)(3). However, if claimant's claim is a "mixed case claim" - for example, when the claimant alleges both a WPA claim and a Title VII claim, as is the case here - the claimant must first seek relief with the EEOC or the Merit Systems Protection Board ("MSPB"). 5 U.S.C. § 7702.

Here, Plaintiff does not allege in the Complaint that he has pursued any administrative

8

remedies specifically regarding his WPA claim. While Plaintiff alleges that he has filed an EEOC action against Defendant and received a right-to-sue letter, the Court's examination of all documents submitted by the parties reveals no evidence that Plaintiff raised a WPA claim with the EEOC.[5] Even if Plaintiff's filings with the EEOC for his discrimination claims contained sufficient factual allegations to support a WPA claim, Plaintiff must explicitly raise and pursue the WPA claim in his EEOC filing in order to qualify as an exhaustion of his administrative remedies. Fleeger, 221 Fed. Appx at 116; see also Atkinson v. LaFayette Coll., 460 F.3d 447, 453 (3d Cir. 2006) ("[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge [filed with the EEOC]"). Thus, the Court finds that Plaintiff has not exhausted his administrative remedies with regard to his WPA claim, and therefore, the Court lacks jurisdiction to adjudicate this claim.

Even assuming that the Court had jurisdiction over the claim, Plaintiff has failed to state a prima facie violation of the WPA. To state a valid claim under § 2302(b)(8), the Complaint must contain sufficient factual allegations to establish the following four elements: (1) the acting official has the authority to take, recommend, or approve any personnel action; (2) the aggrieved employee made a protected disclosure; (3) the acting official used his authority to take, or refuse to take, a personnel action against the aggrieved employee; and (4) the protected disclosure was a contributing factor in the agency's personnel action. Chambers v. Dept. of Interior, 602 F.3d 1370, 1376 (Fed. Cir. 2010). The statute protects an employee communication (1) that discloses unknown information, (2) that an employee would reasonably believe is unlawful, and (3) that is outside the

---

[5] The Court may look beyond the pleadings to decide factual questions regarding subject matter jurisdiction. Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir. 2000).

scope of the employee's normal duties or communicated outside of normal channels.  Kahn v. Dept. of Justice, 618 F.3d 1306, 1312 (Fed. Cir. 2010).  The disclosure should "reveal something that was hidden and not known."  Id.

In this case, Plaintiff alleges no facts to establish the necessary elements.  Plaintiff alleges that he disclosed improper management on a survey to the OPM, but provides no details of that disclosure.  There is no allegation that the disclosure was unknown information and not Plaintiff's personal opinion.  There is no allegation that Plaintiff reasonably believed the disclosed information was unlawful or represented gross management, gross waste, or a substantial danger to public health or safety.  Plaintiff also does not allege how this disclosure was made known to someone who had the authority to take personnel actions against him, or that the disclosure was a contributing factor in that person's personnel action to terminate Plaintiff's employment.  Because Plaintiff does not provide the nature of the disclosure, the Court has no basis to find that any of the elements are pled sufficiently.  Hence, Plaintiff fails to state a WPA claim.

**C.  Breach of Contract**

Finally, in Count VIII of the Complaint, Plaintiff alleges that he was orally promised by Defendant a quick promotion during the hiring process and that Defendant breached that promise. Although not explicitly stated in the Complaint, the Court construes this as a state-law breach of contract claim.

The CSRA provides a comprehensive statutory scheme which enables federal employees to obtain remedies in disputes related to the employment relationship between the aggrieved employee and the federal government.  Sarullo, 352 F.3d 789, 794-96.  When a federal employee's state-law claim falls within the purview of the CSRA, it is preempted by the CSRA and CSRA provides the

employee with his sole remedy. Id. While the Third Circuit has not decided whether all federal employment contract claims fall under the CSRA, other courts have held that CSRA preempts such claims. See Crawford v. U.S. Dept. of Homeland Sec., 245 Fed. App'x 369, 374 (5th Cir. 2007); Wheeler v. Potter, No. 3:05-CV-265-M, 2007 WL 268777, at *3 (N.D. Tex. Jan. 30, 2007); Black v. Potter, No. 4:06-899, 2008 WL 509475, at *15 n. 9 (D.S.C. Feb. 21, 2008).

In the instant matter, as alleged, Plaintiff's breach of contract claim arises out of the employment relationship he had with the federal government, thus his claim is preempted by the CSRA and the Court has no jurisdiction over this claim. Even if the Court finds that CSRA does not preempt Plaintiff's breach of contract claim, because Plaintiff is seeking damages in excess of $10,000, the Court of Federal Claims has exclusive jurisdiction over this claim. Indeed, the Court of Federal Claims has exclusive jurisdiction of all contractual claims against the federal government over $10,000. Army and Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 734 n. 5 (1982); Burg v. U.S. Dept. of Health and Human Servs., 387 Fed. App'x 237, 240 (3d Cir. 2010); see 28 U.S.C. § 1491. In sum, the Court lacks jurisdiction over Plaintiff's contractual claim.

**IV.    Conclusion**

For the foregoing reasons, Defendants' motion is **GRANTED**; Counts I and II of the Complaint are dismissed without prejudice; all other counts are dismissed. Plaintiff's motion for summary judgment is also dismissed as moot. The Court, however, provides Plaintiff the right to amend the Complaint with respect to Counts I and II within fifteen days from the date of the Order accompany this Opinion.[6]

---

[6] Plaintiff's opposition brief raises numerous additional factual allegations regarding his discrimination claims. However, the Court cannot consider these allegations in deciding a motion to dismiss. Even if the Court were to consider Plaintiff's additional factual

An appropriate Order shall follow.


　　　　　　　　　　　　　　　　　　　　/s/ Freda L. Wolfson
　　　　　　　　　　　　　　　　　　　The Honorable Freda L. Wolfson
　　　　　　　　　　　　　　　　　　　United States District Judge

Date: June 6, 2011

---

allegations, it cannot discern the nature of Plaintiff's claims.  Instead, the Court provides Plaintiff the opportunity to amend the Complaint.